Dear Mr. Terral:
This office is in receipt of your letter dated February 11, 1992 and your opinion request contained therein has been assigned to me for review. In your letter you ask two specific questions regarding the payment of witness fees for off-duty law enforcement officers. Your questions are (1) when is the law enforcement officer considered "off-duty", and (2) if the law enforcement officer is required to be present as a witness, but is not called to testify, is he still entitled to receive witness fees.
The statute governing the payment of witness fees to off-duty law enforcement officers is LSA-R.S. 15:255 which states, in pertinent part:
A. (1) Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of twenty-five dollars for each day per case, but no more than seventy-five dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid pursuant to the provisions of R. S. 15:255(D)(1). This fee shall be provided to the law enforcement officer within sixty days from the date of appearance. This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, as amended. (Emphasis added). An officer who is required to be present as a witness in a criminal case or a juvenile case during his "off-duty" hours is entitled to witness fees. The definition of "off-duty" is "any time [the officer] is not required to report to work or perform the duties of his office". By definition, your officer is "off-duty" after 4:30 p.m. if that in fact is the end of his workday. The clear intent of the statute is to compensate that officer for his appearance in court after his regular workday is completed.
An officer who is available to testify but is not called as a witness is entitled to receive compensation for his appearance. The language of the statute directly addresses this issue, and provides that the officer will be compensated for his appearance "regardless . . . [of] whether he actually testified in the case."
The fee authorized is for not less than $25.00 for each day per case, but no more than $75.00 in any one day, regardless of the number of cases for which the officer is required to be present. LSA-R.S. 15:255(A). This fee is to be paid by the parish treasurer, from a fund established by costs of court assessed in criminal cases by the district court. LSA-R.S.-15:255(D).
Finally, you should be aware that the statute prohibits the payment of any witness fee to that law enforcement officer who is compensated by his employer for overtime, pursuant to the minimum wage provisions of the Fair Labor Standards Act,29 U.S.C.A. Sec. 201 et. seq.
Should you have any further questions regarding this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
KLK/ams/0039E